*In the United States District Court
for the Northern District of Illinois
Eastern Division*

| | |
|---|---|
| Michael Hickey and Mary Hickey, husband and wife, <br><br> plaintiffs, <br><br> – v – <br><br> Sears Holdings Management Corporation, a Delaware corporation, <br><br> defendant. | **11-cv-01353** <br><br> Judge Kennelly <br><br> Magistrate Judge Cox <br><br> **Jury trial demanded** |

# Motion to Strike Various Paragraphs of Answer to Complaint and the "Additional Defenses"

Plaintiff moves as follows to strike various paragraphs of the Answer to the Complaint and to strike the "Additional Defenses":

1. The Complaint (doc. #1) alleges discrimination and retaliation in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act, retaliation and/or interference in violation of the Family Medical and Leave Act, failure to pay compensation, and intentional infliction of emotional distress. An Answer (doc. #11) has been filed.

2. Before bringing this Motion, plaintiff's counsel and defendant's counsel conferred in good faith in an attempt to resolve these matters informally. See, Declaration of David L. Lee, attached to this Motion as Exhibit A.

**Striking Various Paragraphs of Answer**

3. Under Federal Rule of Civil Procedure 8(b), an Answer must make clear "just what [defendant] is denying and what [defendant] is admitting". Zielinski v. Philadelphia Piers, Inc., 139 F.Supp. 408 at 412 (E.D. Pa. 1956), quoting Moore's

Federal Practice (2nd Ed.) ¶8.23.  Thus, language in an Answer that "is equivocal and serves to confuse the issues that are in dispute" should be struck as being improper under Rule 8(b).  Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F. Supp. 897 at 907-08 (N.D. Ill. 2006) (Castillo, J.).  Similarly, a paragraph of an Answer that "edits" an allegation and then admits the edited version of that allegation is improper under Rule 8(b) and should be struck.  Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, #07-CV-1047 at pp. 5- 10 (E.D. Wisc. 12/22/2008) (Stadtmueller, J.), attached to this Motion as Exhibit B.

4.	The following paragraphs of the Answer to the Complaint "serve[] to confuse the issues that are in dispute" by apparently admitting all the allegations of the corresponding paragraph of the Complaint, but nonetheless denying "the remaining allegations", thereby creating confusion as to which allegations the paragraph is admitting and which allegations the paragraph is denying:

Paragraph 14:

 Complaint:	"Defendant also instructed Mr. Hickey's wife to contact defendant's insurance provider, Met Life, and informed her of the Family and Medical Leave Act.  In response, Mr. Hickey's wife applied for Family and Medical Leave Act leave on Mr. Hickey's behalf.  See, Medical Certification Form faxed 11/13/2008 from Good Shepherd ICU, attached as Exhibit 14 to this Complaint."

 Answer:	"SHMC admits that one of its employees told Mary Hickey to contact Met Life and gave her information about the FMLA.  SHMC further admits that Mary Hickey applied for FMLA leave on Michael Hickey's behalf.  SHMC denies the remaining allegations." (emphasis added).

Paragraph 24:

    Complaint: "Fewer than five of defendant's dozens of departments received bonuses in 2008."

    Answer: "SHMC admits that the employees in less than five of its departments received bonus payments in 2008. SHMC denies the remaining allegations." (emphasis added).

Paragraph 27:

    Complaint: "Around February 6, 2009, defendant sent Mr. Hickey a letter notifying him that his corporate credit card had been cancelled. See, 2/6/2009 notice of Corporate Credit Card cancellation, attached to this Complaint as Exhibit 16."

    Answer: "SHMC admits that the letter attached to the Complaint as Exhibit 16 was mailed to Michael Hickey. SHMC denies the remaining allegations." (emphasis added).

Paragraph 29:

    Complaint: "Upon receiving notice that her husband's Family and Medical leave had expired, Ms. Hickey contacted defendant immediately and defendant told Ms. Hickey that no action was required because she and her husband were in communication with defendant's insurance company."

    Answer: "SHMC admits that Mary Hickey spoke with an employee in SHMC's Human Resources Department, who advised her that no action was required because she was in contact with MetLife. SHMC denies the remaining allegations." (emphasis added).

Paragraph 35:

    Complaint: "Around February 22, 2009, defendant's compliance attorney contacted Mr. Hickey, and around February 27, 2009, two of defendant's attorneys spoke with Mr. Hickey via phone for over an hour."

    Answer: "SHMC admits that around February 22, 2009, a SHMC compliance attorney called Michael Hickey. SHMC further admits that around February 27, 2009 two SHMC attorneys spoke with Michael Hickey on the telephone. SHMC denies the remaining allegations." (emphasis added).

Paragraph 37:

    Complaint: "Then around March 9, 2009, defendant's Human Resources Manager fired Mr. Hickey over the phone without giving Mr. Hickey a reason for firing him. See, Termination of Employment signed confirmation, attached as Exhibit 19 to this Complaint."

    Answer: "SHMC admits that around March 9, 2009, its HR Manager told Michael Hickey via telephone that his employment had been terminated. <u>SHMC denies the remaining allegations</u>." (emphasis added).

Paragraph 41:

    Complaint: "Defendant sent to Mr. Hickey a termination letter that gave no reason for defendant's having terminated Mr. Hickey's employment. See, 3/10/2009 Termination of Employment letter from HR Manager Manalac, attached as Exhibit 20 to this Complaint."

    Answer: "SHMC admits that Oliver Manalac, HR Manager, sent Plaintiff the letter that is attached to the Complaint as Exhibit 20. <u>SHMC denies the remaining allegations</u>." (emphasis added).

Paragraph 43(c):

    Complaint: "Though defendant claims it "investigated" Mr. Hickey's "serious misconduct", defendant failed to provide to the Illinois Department of Human Rights a copy of any "investigation report;""

    Answer: "SHMC admits that it investigated and concluded that Michael Hickey engaged in serious misconduct. SHMC admits that it disclosed but did not provide a copy of an investigation report to the IDHR. <u>SHMC denies the remaining allegations</u>." (emphasis added).

Paragraph 46:

    Complaint: "Mr. Hickey worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)]."

-4-

    Answer: "SHMC admits that Plaintiff worked for SHMC in the Northern District of Illinois and that venue is proper in this District. <u>SHMC denies the remaining allegations</u>." (emphasis added).

Paragraph 78:

    Complaint: "At all times when Mr. Hickey was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois a statute called the Wage Payment and Collection Act [820 ILCS 115/1, <u>et</u> <u>seq</u>.]."

    Answer: "SHMC admits that the Illinois Wage Payment and Collection Act was enacted in 1974. <u>SHMC denies the remaining allegations</u>." (emphasis added).

As noted, all these paragraphs of the Answer deny "the remaining allegations" even though the paragraph apparently admitted all the allegations, thereby creating confusion as to what is being admitted and what is being denied.

5.     Similarly, the following paragraphs of the Answer to the Complaint "serve[] to confuse the issues that are in dispute" by editing the allegations of the corresponding paragraph of the Complaint, then admitting some of the edited allegations, then finally denying "the remaining allegations", thereby again creating confusion as to which allegations the paragraph is admitting and which allegations the paragraph is denying:

Paragraph 10:

    Complaint: "The day after Mr. Hickey was admitted to the ICU, defendant called Mr. Hickey's hospital room to get an update on his condition and to instruct his wife to contact defendant's Human Resources department."

    Answer: "SHMC admits that one of its employees spoke with Mary Hickey during Michael Hickey's absence and suggested

-5-

                                                                she contact SHMC's Human Resources Department. SHMC denies the remaining allegations."

        Confusion:        By rephrasing the allegations of the Complaint, the Answer creates confusion as to what "remaining allegations" are being denied. That defendant "spoke to" Mr. Hickey's wife but didn't "call Mr. Hickey's hospital room"? That the contact was "the day after Mr. Hickey was admitted to the ICU"? That defendant called "to get an update on [Mr. Hickey's] condition"? That defendant "suggested" but did not "instruct[]" Mr. Hickey's wife to contact Human Resources? As <u>Zielinski</u>, <u>supra</u>, states, the Answer should make clear what is being admitted and what is being denied.

<u>Paragraph 25</u>:

        Complaint:        "On approximately January 18, 2009, defendant's Human Resources department spoke to Mr. Hickey's wife and told her that defendant would grant Mr. Hickey seven weeks of leave at 50% of his regular pay beginning February 9, 2009, and, if Mr. Hickey couldn't return to work after these seven weeks, that Mr. Hickey would have to go on long-term disability."

        Answer:        "SHMC admits that an employee in its Human Resources Department provided Mary Hickey with information about FMLA and short-term disability benefits. SHMC denies the remaining allegations."

        Confusion:        Again, by rephrasing the allegations of the Complaint, the Answer creates confusion as to which, if any, "remaining allegations" of this paragraph it is denying. The date of January 18, 2009? That defendant told Mr. Hickey's wife

-6-

        that it would grant Mr. Hickey seven weeks of leave at 50% of his regular pay? That this proposed leave would being February 9, 2009? That if Mr. Hickey couldn't return after seven weeks of leave, that he would have to go on long-term disability? If the Answer is denying any of these allegations in ¶25, the Answer should make that clear.

Paragraph 34:

    Complaint:     "That same day, defendant called Mr. Hickey with 'business questions' supposedly about whether or not he was eligible to get his bonus."

    Answer:     "SHMC admits that in February 2009, one of its employees contacted Michael Hickey to ask if he was able to speak with persons from SHMC. SHMC denies the remaining allegations."

    Confusion:     Again, the Answer creates confusion as to which, if any, "remaining allegations" are being denied. That defendant called Mr. Hickey? That defendant called Mr. Hickey "that same day" (which was February 19, 2009, as pled in Complaint ¶33)? That defendant called Mr. Hickey with "'business questions' supposedly about whether or not he was eligible to get his bonus"? The Answer should make clear allegations it is admitting and which it is denying.

Paragraph 43(d):

    Complaint:     "Defendant chose to fire Mr. Hickey – a 35-year employee who was about to begin receiving long-term disability benefits – instead of counseling or disciplining this 35-year employee;"

-7-

> Answer: "SHMC admits that it terminated Michael Hickey's employment and that he worked for SHMC for thirty-five years. SHMC denies the remaining allegations."
>
> Confusion: The Answer has rephrased the allegations of this paragraph, so it is unclear which, if any, "remaining allegations" are being denied. That Mr. Hickey was about to begin receiving long-term disability benefits? That defendant chose to fire Mr. Hickey instead of counseling or disciplining him?

6. Because these paragraphs of the Answer are equivocal, do not make clear what is being admitted and what is being denied, and thereby create confusion, these paragraphs of the Answer should be struck and clear and definite admissions and denials should be required.

**Striking "Additional Defenses"**

7. Defendant also pled fourteen "Additional Defenses", which were:

> "1. Plaintiffs' claims for monetary relief are barred to the extent that they failed to mitigate their damages.
>
> 2. Plaintiffs' claims are barred to the extent they are time-barred by the applicable statutes of limitations.
>
> 3. Plaintiff Michael Hickey may not recover under the ADA or the ADEA for any act occurring more than 300 days prior to the date he filed his underling charge of discrimination.
>
> 4. SHMC's treatment of Plaintiffs, including the termination of Michael Hickey's employment, was based on legitimate business reasons unrelated to Michael Hickey's alleged medical condition, disability or his efforts, if any, to exercise his rights under the ADA or the FMLA.

-8-

    5.       Michael Hickey's FMLA claims are barred to the extent they seek relief for events which occurred more than two years prior to the filing of the Complaint, or more than three years prior to the filing of the Complaint if any of the FMLA allegations set forth against SHMC are found to be willful.

    6.       Plaintiff's IIED claims are barred to the extent they seek relief for events which occurred more than two years prior to the filing of the Complaint.

    7.       Even if Plaintiff was 'disabled', Plaintiff's claim are barred to the extent he was unable to perform the essential functions of his position, even with a reasonable accommodation.

    8.       SHMC's actions were at all times take in good faith and for legitimate business reasons, and not for any discriminatory or retaliatory purpose.

    9.       SHMC's actions were not intentional, malicious, reckless or wanton; therefore, punitive damages may not be awarded.

    10.       SHMC's action were not willful; therefore, liquidated damages may not be awarded.

    11.       SHMC had acted at all times with good faith efforts to comply with all laws prohibiting discrimination or retaliation; therefore punitive damages cannot be awarded.

    12.       Plaintiffs' IIED claims are preempted by the Illinois Human Rights Act.

    13.       Plaintiffs are not entitled to damages in relation to their IIED claims because SHMC did not engage in extreme or outrageous conduct.

    14.       SHMC reserves the right to assert additional affirmative defenses as they are identified during discovery."

See, Answer (doc. #11) at pp. 29 - 30.

8.       These "Additional Defenses" are mere legal conclusions.[1] Such pleading does not meet the standard of Federal Rule of Civil Procedure 8. As the Supreme

---

[1] Plaintiffs do not agree that all these legal conclusions are correct statements of the law.

Court stated in <u>Ashcroft v. Iqbal</u>, 556 US ___, 129 S. Ct. 1937 (2009), "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. at ___, 129 S. Ct. at 1949.

9. Even before <u>Ashcroft v. Iqbal</u>, affirmative defenses pled in such a bare-bones and conclusory fashion were liable to being struck as not comporting with the pleading requirements of Rule 8. <u>See</u>, <u>e</u>.<u>g</u>., <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286 at 1294 (7th Cir.1989), <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734 at 736-37 (N.D. Ill. 1982) (Shadur, J.), <u>Fleet Business Credit Corporation v. National City Leasing Corporation</u>, 191 F.R.D. 568 (N.D. Ill. 1999) (Aspen, J.), <u>Renalds v. S.R.G. Restaurant Group, LLC</u>, 119 F.Supp. 2d 800 (N.D. Ill. 2000) (Alesia, J.), <u>Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.</u>, 213 F.R.D. 307 (N.D. Ill. 2003) (Bucklo, J.).

10. Because defendant's "Affirmative and Additional Defenses" are "[t]hreadbare recitals ... supported by mere conclusory statements", they do not meet the pleading requirements of Rule 8 and should be struck.

**Wherefore,** plaintiffs Michael and Mary Hickey move that this Court strike Answer (doc. #11) ¶¶10, 14, 24, 25, 27, 29, 34, 35, 37, 41, 43(c), 46, and 78, strike the Answer's "Additional Defenses", and give defendant a reasonable amount of time to file an Amended Answer clearly stating which allegations of the Complaint the Answer is admitting, which allegations of the Complaint the Answer is denying, and pleading any affirmative defenses in conformity with the pleading standards of Federal Rule of Civil Procedure 8.

                                        Michael Hickey and Mary Hickey,
                                                      plaintiffs,


                              By:    s/David L. Lee
                                   David L. Lee
                                   Their Attorney

**Proof of service**: David L. Lee, an attorney, certifies that this Motion was served on defendant's attorney pursuant to ECF on May 9, 2011.

                                    s/David L. Lee
                                    David L. Lee


David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com