IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HICKEY AND MARY HICKEY, HUSBAND AND WIFE, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS HOLDINGS MANAGEMENT CORPORATION, <br><br> Defendant. | No. 11-cv-1353 <br><br> Judge Matthew F. Kennelly <br> Magistrate Judge Susan Cox |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE VARIOUS PARAGRAPHS OF ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES**

Defendant, Sears Holdings Management Corporation ("SHMC"), by its attorneys, submits this response to Plaintiffs' Motion to Strike. SHMC's answers were carefully and properly pled in accordance with FRCP 8(b)(4). SHMC's defenses are sufficiently specific to put Plaintiffs' on notice of SHMC's potential defenses. For these reasons, more fully explained below, Plaintiffs' Motion should be denied in its entirety.

**I. SHMC's Answers Do Not Admit All of the Allegations in a Paragraph and then Deny the Remaining Allegations**

1. Plaintiffs misconstrue the plain language of SHMC's Answers to Plaintiffs' allegations. Contrary to Plaintiffs contention, SHMC does not admit all of the allegations of a Complaint paragraph and then go on to deny the remaining allegations. Rather, a careful reading of SHMC's Answers plainly shows that SHMC carefully parsed through each paragraph of the Complaint to admit with specificity those portions with which SHMC agrees and deny the rest. That is what FRCP 8(b)(4) requires: "A party that intends in good faith to deny only part of an

allegation must admit the part that is true and deny the rest." That is precisely what SHMC did. This was in lieu of a general denial of the entire allegation.

2. For example, in Paragraph 14 of the Complaint, Plaintiffs allege:

> Defendant also instructed Mr. Hickey's wife to contact defendant's insurance provider, Met Life, and informed her of the Family and Medical Leave Act. In response, Mr. Hickey's wife applied for Family and Medical Leave Act leave on Mr. Hickey's behalf.

SHMC answered:

> SHMC admits that one of its employees told Mary Hickey to contact Met Life and gave her information about the FMLA. SHMC further admits that Mary Hickey applied for FMLA leave on Michael Hickey's behalf. SHMC denies the remaining allegations.

Thus, SHMC is denying that it "informed" Ms. Hickey about the FMLA, as opposed to simply giving her forms and information. Likewise, whereas Plaintiff alleges that SHMC told Ms. Hickey to contact Met Life, SHMC has admitted only that one of its employees told Ms. Hickey to contact Met Life.

3. Similarly, SHMC admits most of Complaint Paragraph 24 (regarding bonus payments), but denies the allegations to the extent they suggest that bonuses were paid to all employees in certain departments or that there are "dozens" of departments.

4. A plain reading of SHMC's answer to Complaint Paragraph 35 shows that SHMC denies that the referenced call lasted over an hour.

5. Likewise, a plain reading of SHMC's answer to Complaint Paragraph 37 shows that SHMC denies the HR Manager made the termination decision (as opposed to simply communicating it) and denies that no reason was given to Plaintiff.

6. The other Complaint allegations and corresponding SHMC answers identified in Plaintiffs' motion are similar. SHMC took care to admit with specificity the aspects of the

allegation that it agrees are true, but denied the remaining allegations. This is precisely what is contemplated by FRCP 8(b)(4). A careful reading of SHMC's Answers shows that in each instance, Plaintiffs pled allegations beyond those which SHMC admitted.

7. Plaintiffs' contention that SHMC somehow improperly edited or rephrased the Complaint allegations must also be rejected. SHMC is required to admit or deny each factual allegation in the Complaint. Rather than simply deny an entire paragraph allegation because Plaintiffs do not have the facts precisely correct, SHMC sometimes rephrased the allegation to specify exactly what SHMC is admitting. SHMC is not required to use Plaintiffs characterizations of the facts verbatim in its answer if it does not agree with them.

## II. SHMC's Additional Defenses Are Appropriate

8. SHMC pled additional defenses in its Answer to put Plaintiffs on notice under FRCP 8 of defenses it will or likely will raise in this litigation. Both parties presumably will explore these defenses in discovery.

9. At this stage in the case, before any discovery has been taken, SHMC has asserted what it believes in good faith to be its potential defenses. FRCP 8(d)(1) provides that a pleading allegation "must be simple, concise and direct." It specifically provides that there is "no technical form required." SHMC has clearly and simply stated its additional defenses. That some defenses assert conclusions of law (as do some of the allegations in Plaintiffs' Complaint), does not make them defective.

10. Motions to Strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *US v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1995); Such a motion should therefore not be granted unless the defense is "patently defective" on the face of the pleadings. *In Retail Fund Algonquin Commons, LLC, v. Abercrombie & Fitch Stores,*

3

*Inc.*, No. 09 C 5824, 2010 WL 1873725, at * 1 (May 10, 2010 N.D. Ill) (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982).

11.  Moreover, for Plaintiffs' motion to succeed, Plaintiffs must show that SHMC cannot prove any set of facts in support of its defenses. *MPC Containment Sys. Ltd., v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *2 (April 17, 2008 N.D. Ill.) (citing *Bobbitt*, 532 F. Supp. At 737. Plaintiffs cannot meet this burden.

12.  For instance, SHMC's statute of limitations defenses may have merit depending on the extent of Plaintiffs' claims determined during discovery. It is not uncommon for a plaintiff to disclose additional events, beyond those provided in the complaint, that he or she believes support the claims. Thus, as the courts have held, a statute of limitations defense requires some discovery to determine its validity. *Builders Bank v. First Bank & Trust Co. of Ill.*, No. 03 C 4959, 2004 WL 626827, at *5 (N.D. Ill. Mar. 25, 2004).

13.  Likewise, SHMC's mitigation defense requires some discovery but SHMC pled it to ensure that Plaintiffs have notice that this defense will be pursued. *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002).

14.  None of SHMC's Additional Defenses are "patently defective." Instead, each includes direct or inferential allegations as to each element of the defenses it asserts.

WHEREFORE, Defendants Sears Holdings Management Corporation, respectfully asks the Court to deny Plaintiffs' motion and to grant such other relief as the Court deems appropriate.

4

        Respectfully submitted,

        SEARS HOLDINGS MANAGEMENT
        CORPORATION

        By:   s/ Thomas M. Wilde
              One of Its Attorneys

Thomas M. Wilde
Katherine A. Christy
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500

Dated: May 20, 2011

5

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE VARIOUS PARAGRAPHS OF ANSWER TO COMPLAINT AND THE ADDITIONAL DEFENSES** to be served upon:

David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604

by ELECTRONIC MEANS on May 20, 2011.

                                                s/ Thomas M. Wilde
                                                Thomas M. Wilde