## *In the United States District Court for the Northern District of Illinois Eastern Division*

| | |
|---|---|
| Michael Hickey and Mary Hickey, husband and wife, | **11-cv-01353** |
| plaintiffs, | |
| – v – | Judge Kennelly |
| | Magistrate Judge Cox |
| Sears Holdings Management Corporation, a Delaware corporation, | **Jury trial demanded** |
| defendant. | |

## Reply to Response to Motion to Strike Various Paragraphs of Answer to Complaint and the "Additional Defenses"

**Striking Various Paragraphs of Answer**

Federal Rule of Civil Procedure 8(b)(2) states, in total:

> "(2) Denials — Responding to the Substance.
> A denial must fairly respond to the substance of the allegation."

The point is that an Answer to the Complaint is supposed to "apprise the opponent of those allegations in the Complaint that stand admitted and will not be an issue at trial and those that are contested and will require proof to enable the plaintiff to prevail." Wright and Miller, Federal Practice and Procedure (3rd ed. 2004), §1261 at n.4 and accompanying text. That is why, as stated in the Motion, Federal Rule of Civil Procedure 8(b) requires an Answer to make clear "just what [defendant] is denying and what [defendant] is admitting". Zielinski v. Philadelphia Piers, Inc., 139 F.Supp. 408 at 412 (E.D. Pa. 1956), quoting Moore's Federal Practice (2nd Ed.) ¶8.23. As Judge Shadur has stated, an Answer is supposed "to narrow the areas as to which the parties are really at odds with each other", which "eliminat[es] from dispute or possible dispute matters

that are not really contested, while at the same time highlighting areas that are at issue".

<u>Carden v. Village Discount Outlet, Inc.</u>, #09 C 2090 (N.D. Ill. 7/28/2009) (Shadur, J.)

attached to this Reply as Exhibit A at *1; <u>Gburek v. Litton Loan Servicing, LP</u>,

#08 C 3188 (N.D. Ill. 10/18/2010) (Shadur, J.) attached to this Reply as Exhibit B at *1.

 The problem with the Answer's not making clear just what it is denying and just

what it is admitting is that this obfuscates "the areas as to which the parties are really at

odds with each other" and thereby fails to "eliminat[e] from dispute or possible dispute

matters that are not really contested".  And that means that the Answer induces

extensive discovery that would not have been needed if only the Answer had done its

basic job of making clear just what it was admitting and what it was denying.

 The Answer's inducing extensive – but probably needless – discovery is clearly

seen, for example, in defendant's explanation of its denials to ¶14 of the Complaint:

 Complaint ¶14:

   "Defendant also instructed Mr. Hickey's wife to contact
defendant's insurance provider, Met Life, and informed her of the
Family and Medical Leave Act.  In response, Mr. Hickey's wife
applied for Family and Medical Leave Act leave on Mr. Hickey's
behalf.  <u>See</u>, Medical Certification Form faxed 11/13/2008 from
Good Shepherd ICU, attached as Exhibit 14 to this Complaint."

 Answer ¶14:

   "SHMC admits that one of its employees told Mary Hickey to
contact Met Life and gave her information about the FMLA.  SHMC
further admits that Mary Hickey applied for FMLA leave on Michael
Hickey's behalf.  <u>SHMC denies the remaining allegations</u>."
(emphasis added).

 Defendant's explanation of its denials in Answer ¶14:

   "Thus, SHMC is denying that it 'informed' Ms. Hickey about
the FMLA, as opposed to simply giving her forms and information.

-2-

> Likewise, whereas Plaintiff alleges that SHMC told Ms. Hickey to contact Met Life, SHMC has admitted only that one of its employees told Ms. Hickey to contact Met Life." Defendant's Response (doc. #15) at p. 2.

This explanation that defendant's denial of "the remaining allegations" includes denying that "it" informed Ms. Hickey as opposed to one of its employees informing Ms. Hickey is only meaningful if defendant is raising some sort of defense that this unnamed employee was acting outside of the scope of his or her employment. That means that this denial is inducing discovery on the identity of that employee, the job duties of that employee, whether or not that employee's informing Ms. Hickey was in the scope of those job duties, etc. If defendant did not mean to raise a scope-of-employment defense, then the denial of "the remaining allegations" as explained by defendant has truly obfuscated "the areas as to which the parties are really at odds with each other" and flunks Rule 8(b)'s test that "[a] denial must fairly respond to the substance of the allegation." And, as shown by defendant's explanation of its other denials, this obfuscation of "the areas as to which the parties are really at odds with each other" and this flunking of Rule 8(b)'s test that "[a] denial must fairly respond to the substance of the allegation" is true for virtually all of the denials in which defendant used the locution "denies the remaining allegations".

Further, defendant's explanation of its use of the locution "denies the remaining allegations" fails even by its own terms. According to defendant, it "carefully parsed through each paragraph of the Complaint" to determine what it couldn't admit. Defendant's Response (doc. #15) at p. 1. Then, however, allegedly having done that work, defendant, rather than forthrightly stating what it was denying, obfuscated its

"careful parsing" under the locution "denies the remaining allegations".  As Judge

Shadur has observed, the locution "denies the remaining allegations"

> "is permissible where the specific responses do not cover all the
> bases, <u>but it makes no sense where that is not the case</u>".

<u>Vitale v. Blitt & Gaines, P.C.</u>, #08 C 5413 (N.D. Ill. 12/1/2008) (Shadur, J.) attached to

this Reply as Exhibit C at *2-*3 (emphasis added).  "Showing one's work" is important

not only in junior-high algebra, but also in Answers to Complaints, with their express

requirement of "fairly respond[ing] to the substance of the allegation".  And that

defendant has failed to do.

Finally, defendant's defense betrays a hair-splitting "angels-on-the-head-of-a-

pin" mindset that would do a medieval theologian proud but totally flunks Rule 8(b)'s

test that "[a] denial must fairly respond to the substance of the allegation".  For

example, to return to defendant's explanation of its denial of ¶14 of the Complaint,

defendant states that it "is denying that it 'informed' Ms. Hickey about the FMLA, as

opposed to simply giving her forms and information".  Defendant's Response (doc. #15)

at p. 2.  If there is a difference between "informing", as alleged in ¶14 of the Complaint,

and "giving ... information" as defendant claims its denial of that allegation means, then

that difference is again inducing extensive discovery that should have not have been

needed had the denial "fairly respond[ed] to the substance of the allegation".  And,

again, a review of defendant's Response shows that that is true for virtually all of its

denials using the locution "denies the remaining allegations".

In short, defendant's denials obfuscate what is in issue rather than clearly

meeting the substance of the allegations, and Answer ¶¶10, 14, 24, 25, 27, 29, 34, 35, 37,

41, 43(c), 46, and 78 should be struck and defendant given a reasonable amount of time to file an Amended Answer clearly stating which allegations of the Complaint the Answer is admitting and which allegations of the Complaint the Answer is denying.

## Striking "Additional Defenses"

Defendant's argument on its "additional defenses" also fails. Defendant's argument nowhere responded to the Supreme Court's rule from Ashcroft v. Iqbal, 556 US ___, 129 S. Ct. 1937 (2009), quoted in the Motion, that "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at ___, 129 S. Ct. at 1949.

Further, a review of the cases cited by defendant shows that those cases actually support the Motion, in that in those cases the courts struck the affirmative defenses as pled.

Finally, it is worth pointing out that defendant's first additional defense is not merely a "threadbare recital" of the law, but is actually an incorrect statement of the law. That additional defense states:

> "1.        Plaintiffs' claims for monetary relief are barred to the extent that they failed to mitigate their damages."

See, Answer (doc. #11) at p. 29. Contrary to this additional defense, the duty the law imposes on plaintiffs is to make reasonable efforts under the circumstances to mitigate their damages; there is no duty to mitigate as such. See, e.g., E.E.O.C. v. Gurnee Inn Corp., 914 F.2d 815 at 818-19 (7th Cir. 1990). Thus, even if defendant proved a "failure to mitigate" that would not amount to a defense absent defendant proving a lot more, such that there was alternative and appropriate work available, that Mr. Hickey did not make

reasonable attempts to obtain such available, appropriate, alternative work, etc. Thus, defendant's additional defenses should be struck.

**Wherefore,** for the reasons in the Motion and in this Reply, plaintiffs Michael and Mary Hickey move that this Court strike Answer (doc. #11) ¶¶10, 14, 24, 25, 27, 29, 34, 35, 37, 41, 43(c), 46, and 78, strike the Answer's "Additional Defenses", and give defendant a reasonable amount of time to file an Amended Answer clearly stating which allegations of the Complaint the Answer is admitting, which allegations of the Complaint the Answer is denying, and pleading any affirmative defenses in conformity with the pleading standards of Federal Rule of Civil Procedure 8.

Michael Hickey and Mary Hickey,
plaintiffs,


By: ____s/David L. Lee____
David L. Lee
Their Attorney

**Proof of service**: David L. Lee, an attorney, certifies that this Motion was served on defendant's attorney pursuant to ECF on May 25, 2011.

____s/David L. Lee_____
David L. Lee

David L. Lee
ARDC #1604422
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 505
Chicago, IL  60604
312-347-4400
d-lee@davidleelaw.com